IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CR-19-FL
5:12-CV-189-FL

| | |
|---|---|
| FRANK M. JACKSON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On 9 April 2012, petitioner Frank M. Jackson, Jr. ("petitioner") filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence ("petition" or "§ 2255 petition") (D.E. 50). In response, the government filed, on 21 May 2012, a motion to dismiss (D.E. 55) the petition, to which petitioner responded (D.E. 57). Pursuant to the court's 24 August 2012 order for an update on the government's position (D.E. 58), it filed on 28 August 2012 a combined notice of partial withdrawal of its motion to dismiss and supplemental response (D.E. 59).[1]

The petition and motion for partial dismissal have been fully briefed[2] and were referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E.s dated 7 June 2012 and 20 Sept. 2012). For the reasons set forth below, it will be recommended that petitioner's § 2255 petition be granted in part and denied in part as moot. It will be further recommended that the government's motion for partial dismissal be denied as moot.

---

[1] For clarity, the government's motion to dismiss will hereinafter be referred to as a "motion for partial dismissal."

[2] In support of the petition, petitioner filed a memorandum (D.E. 51). In support of its motion, the government filed a memorandum (D.E. 56). As indicated, petitioner filed a response to the motion (D.E. 57), which was accompanied by an exhibit (D.E. 57-1) containing five North Carolina criminal judgments against him.

## BACKGROUND

### I. Petitioner's Conviction

On 17 January 2007, petitioner was charged in a one-count indictment with possession of a firearm and ammunition by a felon occurring on or about 6 April 2006. (Indict. (D.E. 1)). On 18 June 2007, petitioner pled guilty to this charge pursuant to a written plea agreement (D.E. 26). (*See* Min. Entry at D.E. 24). On 8 May 2008, the court sentenced petitioner to a term of 151 months imprisonment and 5 years supervised release. (J. (D.E. 46) 1-3). In determining petitioner's sentence, the court applied the Armed Career Criminal Act ("ACCA") enhancement set forth in 18 U.S.C. § 924(e) based on the determination that petitioner had three violent felony convictions. (*See* Statement of Reasons 1; Presentence Report ("PSR") ¶ 40).

### II. Petitioner's Petition and Response to Motion for Partial Dismissal

In his petition and supporting memorandum, petitioner asserts three grounds for correction of his sentence: (1) he does not have a sufficient number of predicate felony offenses to support the ACCA enhancement of his sentence because one of the convictions used to support the enhancement no longer qualifies as a felony pursuant to the Fourth Circuit decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (Pet. 4, 7); (2) he received ineffective assistance of counsel because his counsel did not challenge the ACCA sentence enhancement on this ground (*id.* 5); and (3) the two robbery offenses used by the court for the ACCA enhancement were improperly treated as separate offenses because, he alleges, they occurred on the same date (Memo. 5). Further, in his response to the government's motion to dismiss, petitioner contends that the four-point enhancement he received for having committed the federal firearm offense in connection with another felony is also no longer proper under *Simmons*. (Resp. 3). Specifically, he contends that the additional offense of cocaine possession

2
Case 5:07-cr-00019-FL Document 60 Filed 10/16/12 Page 2 of 10

was not a felony under either North Carolina or federal law. On the basis of these four claims, petitioner seeks to have his sentence vacated and to be resentenced.

### III. Government's Motion for Partial Dismissal

In its motion as originally filed, the government sought dismissal of the petition on the following grounds: (1) it is barred by the statute of limitations set forth in 18 U.S.C. § 2255(f)(3) and (4); (2) the doctrine of equitable tolling does not apply in this case; and (3) petitioner cannot challenge the ACCA enhancement on the grounds that the court treated his two robbery convictions as separate predicate felonies because he waived the right to bring any such challenge in his plea agreement. In its subsequent notice of partial withdrawal, the government stated that it was waiving its objection to the timeliness of the petition with respect to petitioner's *Simmons* challenges to the ACCA enhancement. (Not. 1). The government further asserted that its affirmative waiver of this statute of limitations issue could not be disregarded by the court. (*Id.* 1-2 (citing *Wood v. Milyard*, --- U.S. ---, ----, 132 S. Ct. 1826, 1834-35 (2012) (holding that a court may not *sua sponte* rule on the applicability of a statute of limitations where the government has affirmatively declined to assert an available statute of limitations defense))). Accordingly, the government requested that the court reach the merits of petitioner's *Simmons* claims, vacate his sentence, and resentence him without the ACCA enhancement. (Not. 2).

Despite the government's withdrawal of its motion to dismiss petitioner's *Simmons* claims, the government expressly maintained that petitioner's claim regarding the court's treatment of his prior robbery convictions as separate convictions should be dismissed on the grounds that petitioner waived this challenge in his plea agreement. (*Id.*). The government did not respond to petitioner's contention that he should not have received an enhancement for committing the federal firearm offense in connection with another felony. The court therefore

3

concludes that the government does not oppose this as a ground for petitioner's being resentenced.

## DISCUSSION

### I. Petitioner's *Simmons* Claims

The court agrees with the government that it does not have the authority in this case to apply, *sua sponte*, the limitations period set forth in § 2255 in light of the government's affirmative waiver of this defense. *See Wood*, 132 S. Ct. at 1834-35. Accordingly, the court will address the merits of petitioner's argument, with which the government concurs, that the holding in *Simmons* requires that his sentence be vacated and that he be resentenced.

### A. ACCA Enhancement

To qualify for an enhanced sentence under the ACCA, a defendant must have at least three serious drug or violent felony convictions. 18 U.S.C. § 924(e)(1). To constitute a "violent felony," the type of felony at issue here, a crime must be "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B) (version in effect from 2 Nov. 2002 to 8 Dec. 2003). One of the three convictions upon which the court relied to impose the ACCA enhancement in petitioner's case is a 9 June 2003 North Carolina conviction for breaking and entering, which occurred on 30 November 2001. (*See* 9 June 2003 J. (D.E. 57-1) 1-2). Petitioner contends that this breaking and entering conviction does not qualify as a violent felony because, under *Simmons*, he did not face a term of imprisonment of more than one year for this conviction under North Carolina sentencing law. The court agrees.

As explained in the recent Fourth Circuit case of *United States v. Powell*, the court in *Simmons* overruled its prior decisions and held that:

> [I]n deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts

4

could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.

*United States v. Powell*, 691 F.3d 554, 556 (2012) (citing *Simmons*, 649 F.3d at 241). In adopting this individualized analysis, the *Simmons* court further specified that this new individualized analysis "requires examination of three pieces of evidence: the offense class, the offender's prior record level ['PRL'], and the applicability of the aggravated sentencing range." *Simmons*, 649 F.3d at 247, n.9. The court further noted that this evidence can be found "prominently on the first page of an offender's state record of conviction." *Id.* With this information, an individual defendant's maximum sentence can be determined by first identifying his minimum sentence pursuant to N.C. Gen. Stat. § 15A-1340.17(c) and then finding the corresponding maximum sentence at § 15A-1340.17(d).

Applying this procedure to the instant case, the court has reviewed the petitioner's 9 June 2003 judgment for breaking and entering. (*See* 9 June 2003 J. 1-2). This record shows that: (1) the breaking and entering offense was a Class H offense; (2) petitioner was assigned a prior record level of III; and (3) no aggravating factors were found. (*Id.* at 1). Applying the version of § 15A-1340.17 that was in effect at the time the offense was committed, the maximum sentence that petitioner could have received for this conviction was 12 months. *See* N.C. Gen. Stat. § 15A-1340.17(c), (d) (version in effect between 12 Dec. 1997 to 1 Dec. 2009). Because the breaking and entering conviction does not qualify as a "violent felony" for the purposes of the ACCA, the court concludes that petitioner does not have the required number of predicate felonies to support an ACCA enhancement. Accordingly, it will be recommended that petitioner's sentence be vacated and that petitioner be resentenced without the enhancement.

## B. Petitioner's Total Offense Level under the Sentencing Guidelines

Petitioner also contends that, pursuant to *Simmons*, the court improperly applied four points in the calculation of his total offense level under *U.S. Sentencing Guideline Manual* Guideline ("USSG") 2K2.1(b)(6) (2006) for having committed his federal firearm offense of conviction in connection with another felony, namely, cocaine possession. (*See* PSR at ¶ 35). Petitioner argues that cocaine possession is not a felony under either North Carolina or federal law and, therefore, does not qualify as "another felony offense" for the purposes of USSG 2K2.1(b)(6). Again, the court agrees.

The version of USSG 2K2.1(b)(6) applicable to petitioner at the time he was sentenced provided, in relevant part, as follows:

> If the defendant used or possessed any firearm or ammunition in connection with *another felony offense*; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.

USSG 2K2.1(b)(6) (2006) (emphasis added). This USSG further defines "another felony offense" for purposes of this subsection as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense [underlying the instant conviction], punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* at Commentary ¶ 14(C).

Under North Carolina law, the offense of cocaine possession is punishable as a Class I felony. *See* N.C. Gen. Stat. § 90-95(a)(3), (d)(2) (version in effect from 1 Dec. 2004 to 1 Dec. 2007). Petitioner was subsequently charged with and convicted of this offense by the State on 12 September 2006. (12 Sept. 2006 J. (D.E. 57-1) 7-8). Based on petitioner's assigned PRL of III and the absence of any aggravating factors (*id.* at 7), the maximum sentence petitioner could

have received for this offense was eight months.[3] Because this offense is not "punishable by imprisonment for a term exceeding one year" as to petitioner, it does not qualify as "another felony offense" for the purposes of USSG 2K2.1(b)(6). *See United States v. Queen*, 464 Fed. Appx. 99, 101 (4th Cir. 2012) (holding that a state law conviction for possession with intent to deliver marijuana did not qualify as "another felony offense" under *Simmons* for the purposes of a 2K2.1(b)(6) enhancement).

Similarly, the federal offense of cocaine possession does not qualify as "another felony offense" under the Guideline 2K2.1(b)(6) because the maximum sentence for this offense for a defendant with no prior drug convictions, like petitioner, is one year. *See* 21 U.S.C. § 844(a) (version in effect from 13 Oct. 1996 to 8 Mar. 2006); *see also Queen*, 464 Fed. Appx. at 101 (holding that defendant was subject to a 2K2.1(b)(6) enhancement for having committed the charged conduct in connection with "another felony offense" because he had also been indicted for a federal drug charge under 21 U.S.C. § 841(b)(1)(D) that subjected him to a maximum of five years because of his prior drug convictions).

In sum, because the offense of cocaine possession does not satisfy the definition of "another felony offense" for the purpose of USSG 2K2.1(b)(6), the four-point enhancement applied to petitioner's total offense level is improper, and he is entitled to resentencing on this ground.

### C. Ineffective Assistance of Counsel

Because the court has concluded that petitioner is entitled to have his sentence vacated and to be resentenced on the above grounds, petitioner's claim of ineffective assistance of

---

[3] In fact, the court found mitigating factors to be present and sentenced petitioner to six to eight months for this offense in conjunction with two other offenses. (12 Sept. 2006 J. (D.E. 57-1) 7, 10).

counsel regarding counsel's failure to raise these grounds is moot. Accordingly, it will be recommended that this claim be denied as such.

## II. Treatment of Robbery Convictions as ACCA Predicate Felonies

Finally, petitioner contends that the remaining two predicate felony convictions that the court used in support of his ACCA enhancement should have been treated as a single conviction because the two robbery offenses occurred on the same date. However, the court need not reach this issue because the court has concluded, as discussed above, that the third predicate offense used for petitioner's ACCA enhancement is now disqualified under *Simmons*. Accordingly, the court concludes that this claim is moot and will recommend that it be denied as such.

In any event, the record before the court does not support petitioner's assertion that the subject offenses occurred on the same date. As indicated in both the PSR and the 9 June 2003 judgment, these two offenses occurred on 6 and 7 August 2002, respectively. (PSR at ¶¶ 8, 9; 9 June 2003 J. (D.E. 57-1) 1). The 6 August 2002 offense involved the robbery of a gas station, and the 7 August 2002 offense involved the robbery of a Wendy's restaurant. (PSR at ¶¶ 8, 9). Moreover, the court agrees with the government that petitioner expressly waived his right to raise this challenge in his plea agreement. Specifically, petitioner waived his right to challenge by appeal or by § 2255 petition "any issues that relate to the establishment of the advisory Guideline range." (Plea Agmt. (D.E. 26) ¶ 2(c)).

For the foregoing reasons, it will be recommended that the § 2255 petition be denied as moot on this ground and, consequently, that the government's motion for partial dismissal of this claim also be denied as moot.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the court enter an order as follows:

1. Petitioner's § 2255 petition (D.E. 50) is GRANTED IN PART and DENIED IN PART AS MOOT.

2. The government's motion for partial dismissal (D.E. 55) is DENIED AS MOOT.

3. The court VACATES petitioner's sentence.

4. The Clerk of Court is DIRECTED to schedule and notice a resentencing hearing for petitioner.

5. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing.

6. The United States Probation Office is DIRECTED to investigate, prepare, and publish to the appropriate parties a recalculation of petitioner's corrected advisory Guideline Range.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have 14 days or such other period as the court may direct in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 16th day of October 2012.

_____
James E. Gates
United States Magistrate Judge