IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-19-FL
NO. 5:12-CV-189-FL

| | | |
|---|---|---|
| FRANK M. JACKSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 50). On May 21, 2012, the government filed a motion to dismiss, and on August 28, 2012, the government filed a withdrawal of its motion to dismiss and supplemental response, waiving statute of limitations defenses as to petitioner's claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), agreeing that petitioner should be resentenced, and partially seeking dismissal of another claim raised. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R") wherein it is recommended that the court grant petitioner's motion in part and deny the motion in part as moot, and deny the government's motion for partial dismissal as moot. The government filed a statement that it does not object to the recommendation that defendant's sentence be vacated and defendant be resentenced, reserving the right to contest sentencing issues upon reciept and review of the Presentence Investigation Report. The court held this matter in abeyance pending the Fourth Circuit's decision Miller v. United States, No. 13-6254, which has now issued. In this posture, the matter is ripe for ruling.

## BACKGROUND

As set forth in the M&R, on January 17, 2007, petitioner was charged in a one-count indictment with possession of a firearm and ammunition by a felon occurring on or about April 6, 2006. On June 18, 2007, petitioner pled guilty to this charge pursuant to a written plea agreement On May 8, 2008, the court sentenced petitioner to a term of 151 months imprisonment and 5 years supervised release. In determining petitioner's sentence, the court applied the Armed Career Criminal Act ("ACCA") enhancement set forth in 18 U.S.C. § 924(e) based on the determination that petitioner had three violent felony convictions. Petitioner did not appeal.

## DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.  Analysis

As set forth in the M&R, which analysis the court incorporates herein, based on the Simmons decision, petitioner no longer has requisite predicate three felony convictions to qualify for an

enhanced sentence under the ACCA. (M&R 4-5). In addition, as also set forth in the M&R, in light of <u>Simmons</u>, because the predicate federal offense of cocaine possession does not qualify as "another felony offense" under Guideline 2K2.1(b)(6), the four-point enhancement applied to petitioner's total offense level is improper. (M&R 6-7). As confirmed in the Fourth Circuit's decision in <u>Miller</u>, where the government has waived its statute of limitations defenses to petitioner's claim based on <u>Simmons</u>, this court must vacate petitioner's sentence and set the matter for resentencing. See <u>Miller v. United States</u>, ___ F.3d ___, No. 13-6254 (4th Cir. Aug. 21, 2013).

The court also adopts the conclusion of the M&R, to which no specific objection was raised, that the record does not support petitioner's assertion that two predicate robbery offenses should have been treated as a single conviction. (M&R 8). As noted in the M&R, however, this issue has no impact on the court's present decision on the motion to vacate, and the petitioner's claim on this basis and the government's motion for partial dismissal of this claim shall therefore be denied as moot.

The court notes the government reserves the right to contest sentencing issues upon review of a revised Presentence Investigation Report, and nothing in this order precludes the parties from raising issues or arguments bearing on the resentencing decision.

## CONCLUSION

In sum, upon careful review of the M&R and of the record generally, having found no clear error, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and, for the reasons stated therein, petitioner's motion to vacate (DE 50) is GRANTED IN PART and DENIED IN PART AS MOOT, the government's motion for partial dismissal (DE 55) is DENIED AS MOOT. The court VACATES petitioners' sentence, and the clerk of court is DIRECTED to

3

schedule and notice a re-sentencing hearing during the next available sentencing term at the United States Courthouse in New Bern, North Carolina. The government will ensure petitioner's timely writ, transportation and housing for the re-sentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, and publish to the appropriate parties a recalculation of petitioner's corrected advisory Guideline Range.

SO ORDERED, this the 9th day of October, 2013.

LOUISE W. FLANAGAN
United States District Judge